(No. 3893—)

JOSEPH GENTILINI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1945.*

ROBERT J. SPAHR, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

140

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimant, Joseph Gentilini, seeks an award under a complaint filed on the 8th day of December, 1944, which alleges that on the 1st day of July, 1944, while in the performance of his duties as a laborer for the Highway Department, he was riding on a State Highway truck proceeding in a westerly direction on West Park Avenue at the intersection of Skokie Boulevard in the city of Highland Park, Lake County, Illinois, and that as the truck reached the aforesaid intersection a truck belonging to the Bon Ton Beverage Company, Waukesha, Wisconsin, collided with the state truck injuring the right hand of claimant by crushing it and that it became necessary to amputate the index and part of the other fingers of his right hand. As the result of said injury he claims to have lost the entire use of said hand. The complaint further alleges that the respondent paid him temporary total compensation from July 2, 1944, to September 30, 1944, in the sum of $214.38 at the rate of $16.49 per week. That he was immediately sent to Dr. J. H. Lundstrom by the respondent who rendered first aid and later surgical and medical attention all of which was paid by the respondent.

On February 13, 1945, evidence was taken in this case in Chicago which shows that the material allegations in said complaint are true.

The only question remaining to be decided in this case is the nature and extent of the injury received by claimant.

The record under consideration consists of the complaint, Departmental Report, evidence, claimant's Exhibits 1 and 2, waiver of brief, statement and argument by claimant and waiver of brief, statement and argument of respondent.

Upon examination of the Departmental report we find that the provisions of Section 24 of the Workmen's Compensation Act have been fully complied with by claimant. That at the time of his injury he was seventy-two years of age, had no children under the age of sixteen years dependent upon him for support, that he was first employed by the Division of Highways Department of Works and Buildings on April 27, 1944, as a common laborer at a wage rate of sixty cents an hour and had continued in this classification and at the same rate until the date of his injury. This report also contains reports of Dr. J. H. Lundstrom, the treating physician, dated July 6, 1944; August 4th, 1944, and September 12, 1944. This last report is as follows:

"Right hand badly macerated. Index finger almost completely gone. Multiple lacerations of middle finger and little finger. Complete loss of skin and subcutaneous tissue down to tendons, dorsum right hand. Fracture of little finger. Wound dirty and filled with dirt, oil, and rust. Right ring finger was lost in previous accident. Wound thoroughly scrubbed with green soap and water. Amputation of stump of index finger. Anatomical repair of middle and little finger and hand. Sulfathiazole powder and dressing applied. Patient was discharged September 11, 1944. Date able to work; "Undetermined." Permanent disability: "Fifty per cent loss of function entire right hand." Temporary disability when discharged: "Stiffness of right hand."

The report further shows that the respondent paid the following bills for and on behalf of claimant:

Dr. J. H. Lundstrom, Highland Park.......................... $145.00

Highland Park Hospital Foundation, Highland Park........... 48.50

Total ................................................. $193.50

Upon examination of Exhibit 2 being an x-ray film showing two views of claimant's right hand, we find that claimant has lost the first and third fingers completely, the second and the fourth fingers are considerably deformed. The evidence shows, however, that at the time of the injury, claimant had but three fingers and a thumb on his right hand; the third finger, commonly called the ring finger, having been lost by amputation some time before the accident of July 1, 1944.

Claimant seeks an award for complete loss of his right hand totaling $2,803.30 under the Workmen's Compensation Act.

In support of his claim the claimant introduces a report of Dr. J. H. Lundstrom, the treating physician (Exhibit 1) dated February 13, 1945, which gives an opinion over the objection of the Attorney General, that claimant had only a 25% remaining functional use of the injured hand.

Upon a full consideration of this record this Court finds: That claimant and respondent were operating under the provisions of the Workmen's Compensation Act at the time claimant was injured; that claimant suffered an accident which arose out of and in the course of his employment; that said injuries, resulted in temporary total disability from July 2, 1944, to September 30, 1944, which was paid by the respondent at the rate of $16.49 a week, totaling $214.38.

Claimant had, prior to this injury, lost the third finger of his right hand by amputation and loss of this finger is admitted in the evidence.

If claimant had suffered a complete loss or the permanent and complete loss of use of his right hand, under Section 8, Par. (e) of the Act, he would have been entitled to 50% of his average weekly wages during one hundred seventy weeks, provided he had a complete hand at the time of the injury on July 1, 1944. Under Section 8, Par. (17½), we must deduct twenty-five weeks from any award that is allowed claimant due to the prior loss of the third finger.

The record supports an award of 75% for permanent and complete loss of this hand less the third finger which amounts to one hundred eight and three-fourths weeks, as provided in Section 8, Pars. (e) and (17½) of the Workmen's Compensation Act, as amended.

The stipulation entered into by and between the claimant and respondent at the time of taking evidence, shows that the annual wage of claimant for the period of one year next preceding the date of said accident was $960.00. His average weekly wages therefore, would be $18.46. And his compensation rate is $10.85 weekly.

The record discloses that the respondent paid the claimant from July 2, 1944, to September 30, 1944, being thirteen weeks for temporary total compensation at $16.49 per week. This is an over payment based on an erroneous compensation rate. The over payment amounts to the sum of $73.33 which must be deducted from the award.

An award is therefore hereby entered in favor of claimant, Joseph Gentilini, for $1,106.60 for specific loss of use of his right hand. This award to be paid to claimant at the rate of $10.85 per week. Of this amount the sum of $260.40 has accrued to March 17, 1945, which is payable in a lump sum forthwith. The remainder of said award to be paid to claimant at the rate of $10.85 per

week for seventy-seven weeks and one week at $10.75.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."